UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AF Holdings LLC,

       Plaintiff,

v.                                                    Civil No. 12-1447 (JNE/FLN)
                                                  ORDER

John Doe,

       Defendant.

AF Holdings LLC brought this action against an unidentified individual for copyright infringement. In its Complaint, AF Holdings alleged that it is the exclusive holder of rights to a copyrighted work of adult entertainment and that the defendant unlawfully reproduced and distributed the work via the BitTorrent file sharing protocol. AF Holdings identified the defendant by an Internet Protocol (IP) address; it does not know the defendant's name.[1]

A few days after commencing the action, AF Holdings moved for leave to take discovery before the conference required by Rule 26(f) of the Federal Rules of Civil Procedure. It sought permission to issue a subpoena under Rule 45 of the Federal Rules of Civil Procedure to an

---

[1] Recently, many similar cases have been filed in districts across the nation. *See, e.g.*, *Mick Haig Prods. E.K. v. Does 1-670*, No. 11-10977, 2012 WL 2849378, at *3 (5th Cir. July 12, 2012) (noting attorney's "strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country"); *AF Holdings LLC v. Doe*, No. 2:12–cv–1661 MCE DAD, 2012 WL 2921356, at *1 n.1 (E.D. Cal. July 17, 2012) ("It is apparent that the number of actions filed in the District Courts such as this one, alleging copyright infringement, negligence and contributory infringement of adult entertainment videos accompanied by a motion seeking leave to conduct expedited discovery, are growing rapidly. So much so, that both the trend and the abusive nature of many such actions is now attracting media attention."); *In re BitTorrent Adult Film Copyright Infringement Cases*, Civil Action Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *1 (E.D.N.Y. May 1, 2012) ("These actions are part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent. The putative defendants are identified only by Internet Protocol . . . addresses.").

1

internet service provider to identify the defendant's name, current address, permanent address, telephone number, e-mail address, and media access control address.  The magistrate judge denied AF Holdings' motion.  AF Holdings objected.  Having reviewed the objections, the Court permits AF Holdings to issue a subpoena.  *See* D. Minn. LR 72.2(a) ("The District Judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  The District Judge may also reconsider any matter sua sponte.").

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."  Fed. R. Civ. P. 26(d)(1).  In similar cases, many courts have concluded "that there is good cause to allow some expedited discovery . . . because, without it, [the plaintiff] will not be able to ascertain the identities of the Doe defendants or to effect service upon them."  *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950(JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012); *see, e.g.*, *AF Holdings LLC v. Doe*, No. 2:12–cv–1661 MCE DAD, 2012 WL 2921356, at *3 (E.D. Cal. July 17, 2012); *Digital Sin, Inc. v. Does 1-27*, No. 12 Civ. 3873(JMF), 2012 WL 2036035, at *2 (S.D.N.Y. June 6, 2012) ("Most courts have authorized the sort of expedited discovery being sought in this case to some degree."); *Malibu Media, LLC v. John Does 1-23*, No. 12-cv-00836-MSK-KMT, 2012 WL 1144822, at *1 (D. Colo. Apr. 4, 2012).  *But see Hard Drive Prods., Inc. v. Does 1-90*, No. C 11-03825 HRL, 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012) ("Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or may not be infringers.  This the court is not willing to do.").

"[A]s a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity." *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 775 n.3 (8th Cir. 2005). AF Holdings has alleged that the defendant engaged in copyright infringement. Without expedited discovery, AF Holdings might not be able to discover the defendant's identity because of the dynamic nature of many IP addresses and the limited time that internet service providers retain logs of IP addresses. The Court finds that there is good cause to permit the plaintiff to engage in limited discovery before the Rule 26(f) conference to ascertain the defendant's identity.

Although "[t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer," *Patrick Collins, Inc. v. Does 1-4*, No. 12 Civ. 2962(HB), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012), the Court takes AF Holdings at its word: "that the requested discovery should reveal the identity of the alleged infringer." Pl.'s Objections 2. The limited record of this particular case presents no basis to conclude that AF Holdings brought it for an improper purpose, but the Court recognizes the potential for abuse of the defendant and the judicial system that this case presents. *See, e.g.*, *Malibu Media, LLC v. Does 1-5*, No. 12–cv–1405–WJM, 2012 WL 3030300, at *5 (D. Colo. July 25, 2012) ("The federal courts are not cogs in plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial."); *Raw Films, Ltd. v. Does 1-32*, No. 3:11cv532–JAG, 2011 WL 6182025, at *3 (E.D. Va. Oct. 5, 2011) ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly

have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

"Based on the reports of unduly burdensome actions and harassing communications from some lawyers prosecuting these cases, courts have sometimes imposed protective orders and regulated the communications with Internet subscribers whose personal identifying information is sought in these BitTorrent copyright actions." *Millenium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 12–mc–00150 (RLW), 2012 WL 2371426, at *7 n.9 (D.D.C. June 25, 2012); *see Zero Tolerance Entm't, Inc. v. Does 1-45*, No. 12 Civ. 1083(SAS), 2012 WL 2044593, at *1 (S.D.N.Y. June 6, 2012) ("[B]ecause early discovery has been used repeatedly in cases such as this one to harass and demand of defendants quick settlement payments, regardless of their liability, a heightened degree of supervision over early discovery is appropriate." (footnote omitted)); *Digital Sin*, 2012 WL 2036035, at *4-6 (requiring that notice be given to each subscriber of subscriber's ability to move to prevent disclosure of name to the plaintiff and to proceed anonymously); *Third Degree Films v. Does 1-3577*, No. C 11–02768 LB, 2011 WL 5374569, at *4-6 (N.D. Cal. Nov. 4, 2011) ("Plaintiff shall not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court."). Some courts denied requests for telephone numbers, e-mail addresses, and media access control addresses. *See, e.g.*, *Patrick Collins, Inc. v. Does 1 through 34*, No. 12cv1474–WQH (DHB), 2012 WL 3030095, at *5 (S.D. Cal. July 25, 2012) ("[The subscribers' true names and addresses] should be sufficient for Plaintiff to be able to identify and serve the Doe Defendants. The Court finds it is not necessary for the ISPs to release Defendants' telephone numbers, e-mail addresses or MAC addresses."). Some courts required internet service providers to provide the subpoenaed

information to the court itself instead of the plaintiff.  *See, e.g.*, *Zero Tolerance Entm't*, 2012 WL 2044593, at *3; *In re BitTorrent*, 2012 WL 1570765, at *14.

In short, the Court finds that there is good cause to allow AF Holdings to issue a subpoena before the Rule 26(f) conference.  The nature of this litigation gives rise to a potential, apparently realized in cases nationwide, for abusive practices.  To protect the integrity of the litigation process, and in light of the nature of the information sought, the Court permits AF Holdings to issue a subpoena that seeks only the name and current address of John Doe subject to the conditions stated below, and the Court requires AF Holdings to disclose under seal all contact with John Doe.  *Cf. Mick Haig Prods. e.K. v. Does 1-670*, No. 3:10-CV-1900-N, 2011 WL 5104095, at *2 (N.D. Tex. Sept. 9, 2011) (requiring attorney to disclose all communications with the Does after attorney had issued subpoenas without leave of court).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. AF Holdings may immediately serve a subpoena under Rule 45 of the Federal Rules of Civil Procedure on Comcast Cable Communications LLC.  The subpoena may request only the name and current address of John Doe, associated with IP address 71.63.229.55.  AF Holdings shall attach a copy of this Order to the subpoena.

    a. Within 7 days of the receipt of the subpoena and copy of this Order, Comcast Cable Communications shall serve a copy of the subpoena and Order on John Doe.  Comcast Cable Communications may effectuate service using any reasonable means, including written notice sent to John Doe's last known address via first-class mail.

    b. Within 28 days of service of the subpoena and Order on John Doe, Comcast Cable Communications or John Doe may serve and file a motion contesting the subpoena (including a motion to quash or modify the subpoena).  If neither Comcast Cable Communications nor John Doe so moves to contest the subpoena, then Comcast Cable Communications shall produce the subpoenaed information within 7 days after the expiration of the 28-day period.

2. Any information disclosed to AF Holdings in response to the subpoena shall be used by AF Holdings solely for the purpose of protecting its rights as set forth in its Complaint.

3. If Comcast Cable Communications elects to charge for the costs of production and notification of John Doe, then it shall provide a billing summary and cost report to AF Holdings. AF Holdings and Comcast Cable Communications shall confer, if necessary, with respect to the issue of payment.

4. Comcast Cable Communications shall preserve any subpoenaed information pending the resolution of any timely-filed motion contesting the subpoena.

5. Within 1 day of extending any offer to settle to John Doe or having any other contact with John Doe, AF Holdings shall disclose the offer or contact to the Court by filing under seal a copy of (1) any written communication between AF Holdings and John Doe or (2) a transcript of any oral communication between AF Holdings and John Doe.

Dated: August 3, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge